STEPHEN MESSERER v. WALTER A. R. VANNERMAN.

Argued February 28, 1899—Decided June 12, 1899.

On a District Court judgment, docketed in the Common Pleas under the District Court act of June 14th, 1898 (*Pamph. L*, *p.* 556), no *capias ad satisfaciendum* can lawfully issue out of the Common Pleas.

On *certiorari.*

Before Justices DIXON and LUDLOW.

For the prosecutor, *Hervey H. Fryling.*

The opinion of the court was delivered by

DIXON, J.   The plaintiff, having on August 25th, 1898, obtained a judgment against the defendant in the First District Court of Newark for $209 and costs, in an action of tort, docketed that judgment in the Essex Common Pleas on October 4th, 1898, and, after suing out a *fieri facias de bonis et terris,* which was returned unsatisfied, he issued out of the Common Pleas a writ of *capias ad satisfaciendum,* on which the defendant was arrested ; but, on being brought into court, he was discharged on the ground, it is said, that a *capias ad satisfaciendum* cannot lawfully issue from the Common Pleas on the docketing of a District Court judgment.

We think this ground is well taken.

The docketing of the judgment in the Common Pleas is a purely statutory proceeding, authorized by the District Court act of June 14th, 1898 (*Pamph. L., p.* 556), and therefore its results must be ascertained primarily from the provisions of the statute.

Section 172 of the act declares that " such judgment [*i. e.,* a docketed judgment] shall, from the time of such docketing in the Court of Common Pleas, operate as a judgment obtained in a suit originally commenced in said court, * * * and execution may issue thereon out of such Court of Com-

mon Pleas, which shall be of the same effect, as to the property of the judgment debtor, either personal or real, as if issued on a judgment originally obtained in such Court of Common Pleas upon a suit commenced therein."

The first clause of this section might be construed, and, if it stood alone, probably should be construed, as empowering the docketed judgment to support the same kind of execution as an original judgment of the court would warrant. Such a construction, however, is not a necessary one, and is no more consistent with the words used than is a construction which limits the provision to the direct operation of the judgment itself—that is, its force as evidence and as a lien. But the first clause does not stand alone; it is in close juxtaposition with the last clause, which proceeds to give express authority for the issuing of execution and to define its effect. The presence of this clause quite strongly tends to exclude the idea that in the first clause there is any implication respecting the issuance or effect of execution. If, then, the last clause be the only source to which we may look for the legal provision respecting execution, we find that only the property, not the person of the debtor, can be reached.

The cognate features of the statute, as well as the presumable purpose of docketing judgments, seem to corroborate this view.

On the judgment in the District Court no execution against the body can issue, even in an action of tort, except there be an order made on proof of the special circumstances set forth in sections 49 and 179 of the act. It was hardly worth while for the legislature to be thus careful in guarding the personal liberty of the debtor, if, by the simple ministerial process of docketing the judgment in the Common Pleas, he could be imprisoned on final process without such proof; and yet no provision for such proof is made in case of a docketed judgment.

The main design of the legislature in enabling parties to docket in the Common Pleas judgments rendered in the Justice's and District Courts has always been supposed to be

that the debtor's real estate might be sold for his debts. This is the only design which cannot be as well effectuated by execution out of the lower courts as by execution out of the Common Pleas. Final process from any of these courts runs throughout the county and not beyond, and such process against the body, issuing out of the Common Pleas, could be no more useful than if issued from the inferior tribunals. While the same thing is true as to an execution against chattels, and yet such an execution may issue on a docketed judgment, still, that is because of the legislative policy, which would exhaust the debtor's personal estate before his real estate is taken, and it affords no analogy in favor of the arrest of the debtor.

Considering the matter on these premises, we are brought to the conclusion that no *capias ad satisfaciendum* can legally issue on a judgment docketed in the Common Pleas under this act.

It is true that this conclusion will prevent the creditor from ever taking the body of his debtor in execution after the judgment has been docketed, since thereafter no execution can issue out of the District Court; but, in view of our insolvent laws, this will usually not be a real hardship to the creditor, and if it be in any case, it will result wholly from his own election of remedies.

The order setting aside the *capias ad satisfaciendum* is affirmed, but, as the defendant has not appeared in this court, without costs.